<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**No. 09-4988**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

GABRIEL HOSMAN PEREZ-AMAYA, a/k/a Dandy,

               Defendant - Appellant.

**No. 09-4989**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

RAFAEL PARADA-MENDOZA, a/k/a Cheve, a/k/a Chevi, a/k/a Cheby,

               Defendant - Appellant.

**No. 09-4991**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

JORGE PARADA, a/k/a Enrique Blaco Hernandes, a/k/a Rama,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:08-cr-00132-LO-1; 1:08-cr-00132-LO-2; 1:08-cr-00132-LO-3)

_____

Argued: May 10, 2011                    Decided: November 9, 2011

_____

Before WILKINSON and SHEDD, Circuit Judges, and David C. NORTON, Chief United States District Judge for the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** James Goodman Connell, III, CONNELL, SHELDON & FLOOD, P.L.C., Fairfax, Virginia; John O. Iweanoge, II, IWEANOGE LAW CENTER, Washington, D.C., for Appellants. Michael John Frank, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Lara K. Eilhardt, CONNELL, SHELDON & FLOOD, P.L.C., Fairfax, Virginia, for Appellant Gabriel Hosman Perez-Amaya; Michael S. Arif, Dimitri Willis, MARTIN, ARIF & GREENE, P.L.C., Springfield, Virginia, for Appellant Rafael Parada-Mendoza. Neil H. MacBride, United States Attorney, Inayat Delawala, Jonathan L. Fahey, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gabriel Perez-Amaya and Rafael Parada-Mendoza of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (Count One); murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) (Count Two); attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (Count Three); use of a firearm during a crime of violence resulting in death in violation of 18 U.S.C. § 924(j) (Count Four); possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) (Counts Five and Six); and conspiracy to distribute cocaine in violation of 18 U.S.C. § 846 (Count Seven). Co-defendant Jorge Parada was only convicted of conspiracy to distribute cocaine on Count Seven. The charges arose from the defendants' involvement in a multistate drug trafficking organization as members of Pinos Locos Salvatruchas ("PLS"), a clique of MS-13, and the related murder of Christian Argueta, a member of a rival gang, the South Side Locos ("SSL"). The district court sentenced Perez-Amaya and Parada-Mendoza to terms of life imprisonment and Parada to a term of three hundred months imprisonment. We affirm.

On appeal, appellants jointly claim that the district court erred in barring admission of a video and permitting hearsay testimony from an expert witness. Additionally, Parada challenges the sufficiency of the evidence against him and

3

claims the district court improperly charged the jury and failed to consider the 18 U.S.C. § 3553(a) sentencing factors. For the reasons that follow, we reject the defendants' arguments.

I.

Appellants argue that the district court erred in excluding a video offered to demonstrate the bias of SSL gang member Ishmael Rangel, who witnessed the shooting of Christian Argueta and testified for the government. Members of SSL made the video in question to honor the memory of their fallen SSL gang member Argueta. The video contains slides of SSL members displaying gang signs and tattoos, partying, and holding weapons. The video also contains images of Argueta overlaid with memorial symbols, as well as images conveying SSL's animosity toward MS-13 and the police. Most of the SSL gang members featured in the slides had no apparent connection to the trial, and very few slides contained images of Argueta or Rangel.

A defendant has a right under the Sixth Amendment's Confrontation Clause to cross-examine government witnesses on matters bearing on credibility or bias. Crawford v. Washington, 541 U.S. 36, 59-61 (2004). "Bias . . . describe[s] the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." United States v. Abel, 469 U.S.

4

45, 52 (1984). The Sixth Amendment, however, does not guarantee a defendant an unlimited right to present every piece of evidence that could establish the potential bias of a witness. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id.; United States v. Bodden, 736 F.2d 142, 145 (4th Cir. 1984) (internal quotation marks omitted) ("[The Confrontation Clause] is not so broad as to deprive the district court of all discretion in limiting needless or confusing inquiry into collateral matters. The Confrontation Clause must yield to evidentiary rules when their application is reasonable."). This Court reviews a district court's exclusion of bias evidence for abuse of discretion, even if there is a potential Confrontation Clause violation, United States v. Turner, 198 F.3d 425, 429 (4th Cir. 1999), and will uphold a district court's decision unless it is "arbitrary or irrational." United States v. Hill, 322 F.3d 301, 306 (4th Cir. 2003).

In United States v. Abel, 469 U.S. 45, 52 (1984), the Supreme Court found that evidence of the attributes of a prison

5

gang demonstrated not only the existence of bias, but also the "source and strength" of that bias; therefore, it was not error for the district court to permit the government to explore the gang's tenets on cross examination. Here, the district court permitted substantial cross examination regarding Rangel's membership in SSL, the gang's violent nature, and its hatred of MS-13. The district court noted that Abel did not require it to admit duplicative evidence concerning the source and strength of a witness' bias, and thus, refused to admit the video, holding that the cross examination of Rangel sufficiently covered all relevant material related to the issue of his bias against members of MS-13.

The district court gave appellants wide latitude to thoroughly explore the source and strength of Rangel's bias during cross examination. Specifically, Rangel testified that he and Argueta were members of SSL, that members of SSL consider themselves enemies of MS-13, that Argueta had considered himself an enemy of MS-13, that he (Rangel) considered himself an enemy of MS-13, and that he had fought with MS-13 in the past because it was a rival gang and fighting with a rival gang increased a member's street credibility. Rangel also testified that the primary purpose of SSL is to fight and party and described the gang's violent initiation rituals. This testimony demonstrated the source and strength of Rangel's bias in much clearer terms

6

than the excluded video and addressed all the beliefs of the gang that could have been seen in the video and more. The admission of the video would have been cumulative at best.

While appellants claim that Rangel's testimony on direct made it appear that he was ambivalent towards MS-13, appellants were permitted to demonstrate Rangel's dedication to the principles of SSL on cross examination. "[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" United States v. Owens, 484 U.S. 554, 559 (1988) (quoting Kentucky v. Stincer, 482 U.S. 730, 739 (1987)). For purposes of the Confrontation Clause, "it is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias," and the district court is not required to allow the defendant to use every means available to make his point. Id.; United States v. Nelson, 39 F.3d 705, 708 (7th Cir. 1994) (holding that once defendants have been permitted to expose the witness' bias, "it is of peripheral concern to the Sixth Amendment how much opportunity defense counsel gets to hammer that point home to the jury"). Since the district court gave appellants ample opportunity to thoroughly cross examine Rangel on the source and strength of his bias against appellants, it did not abuse its

discretion by refusing to admit the video.  See Van Arsdall, 475 U.S. at 680.

II.

Appellants challenge the district court's admission of the expert testimony of Detective John Farrell, arguing that Detective Farrell served as a conduit for inadmissible hearsay in violation of Federal Rule of Evidence 702 and 703 and the Confrontation Clause.

We review evidentiary rulings for abuse of discretion. United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009). According to Rule 702, in those situations where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," testimony by "a witness qualified as an expert by knowledge, skill, experience, training, or education" is permissible so long as "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Under Rule 703, experts can testify to opinions based on inadmissible evidence, including hearsay, if "experts in the field reasonably rely on such evidence in forming their opinions."

The district court did not abuse its discretion by permitting Detective Farrell to testify as an expert concerning MS-13's general practices and history. Detective Farrell formulated his opinions on a specialized area outside the common knowledge of a typical jury based on his many years of observing MS-13, studying its methods, speaking to its members, investigating its members' personal lives, and receiving training on the gang from law enforcement both locally and internationally. The district court also did not abuse its discretion by finding Detective Farrell's methodology sufficient under Rule 702 to formulate opinions on the general nature, structure, history, and activity of the gang, especially since the district court allowed appellants to demonstrate the limits of Detective Farrell's opinion through extensive voir dire and cross examination. Furthermore, the hearsay in question which included custodial interrogations, writings of MS-13 members discovered in the course of investigations, law enforcement conferences, and educational and training materials, gleaned through traditional law enforcement procedures, is the type reasonably relied upon by experts in the law enforcement field; thus, Detective Farrell's testimony did not violate Rule 703. See United States v. Steed, 548 F.3d 961, 975 (11th Cir. 2008).

Under Crawford v. Washington, the Confrontation Clause "forbids the introduction of testimonial hearsay as evidence in

itself," but does not "prevent[ ] expert witnesses from offering their independent judgments merely because those judgments were in some part informed by their exposure to otherwise inadmissible evidence." United States v. Johnson, 587 F.3d 625, 635 (4th Cir. 2009) (citing 541 U.S. at 61). An expert may not be "used as little more than a conduit or transmitter for testimonial hearsay," but if the expert is "applying his training and experience to the sources before him and reaching an independent judgment, there will typically be no Crawford problem." Id. Accordingly, the question before us is "whether the expert is, in essence, giving an independent judgment or merely acting as a transmitter for testimonial hearsay." Id.

Applying the test here, we find no Crawford violation. Detective Farrell stated numerous times that his opinions were drawn from the totality of his experience, rather than one statement or one source in particular, which is consistent with the general nature of his testimony. Detective Farrell did not act as a conduit, but rather offered his independent judgments regarding the gang's general nature as a violent organization and its practices, testimony which has consistently been permitted in this circuit. See, e.g., United States v. Ayala, 601 F.3d 256, 274 (4th Cir.) cert. denied, 131 S. Ct. 262 (U.S. Oct. 4, 2010).

10

III.

Parada challenges the sufficiency of the evidence supporting his conviction for conspiracy to distribute cocaine. We review challenges to the sufficiency of the evidence de novo. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). We will uphold a jury's verdict "if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). Substantial evidence is present if "a reasonable finder of fact could accept [the evidence] as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "We do not weigh the evidence or assess the credibility of witnesses, but assume that the jury resolved any discrepancies in favor of the government." Kelly, 510 F.3d at 440.

To prove conspiracy to distribute cocaine, the government was required to establish: (1) an agreement to distribute cocaine between two or more persons; (2) that Parada knew of the conspiracy; and (3) that Parada knowingly and voluntarily became a part of it. See Burgos, 94 F.3d at 857. Parada concedes that

11

a drug conspiracy existed, namely, the conspiracy to distribute cocaine by PLS members including Perez-Amaya and Parada-Mendoza, but he argues that the government failed to show that he knew about the conspiracy and that he participated in it. We disagree.

"Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction." United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). A criminal conspiracy "can be shown by circumstantial evidence such as [the defendant's] relationship with other members of the conspiracy, the length of th[e] association, his attitude, conduct and the nature of the conspiracy." United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984). Furthermore, "the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction." United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

The government's evidence established that Parada was a member of PLS during the conspiracy to distribute cocaine and that he attended meetings where gang leaders "fronted" cocaine to every member of the clique on a bi-weekly basis.[*] Co-

---

[*] "Fronting" is the process by which gang leaders distribute drugs to gang members, requiring payment for the cost of the drugs only after the members have sold them and received payment (Continued)

12

conspirators testified that they had personally witnessed Parada sell the cocaine, arrange drug purchases, and travel with other members of the clique to obtain the gang's cocaine. They also indicated that they knew that Parada was required to sell cocaine for the gang. Officer Emanuel Salazar testified that Parada admitted to traveling with gang members to obtain cocaine. Officers also testified that they purchased cocaine from members of PLS and that Parada, going by an alias, was in the car with the seller during the buy. Based on this evidence, a jury could reasonably conclude that Parada knew of the conspiracy to distribute cocaine and participated in it. The fact that some contradictory evidence was presented at trial does not undermine our conclusion that the government presented substantial evidence, as we "must assume that the jury resolved any discrepancies in favor of the government." Kelly, 510 F.3d at 440.

themselves. A consistent pattern of fronting demonstrates an agreement between the two parties to sell the drugs. See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) ("[E]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators."); United States v. Moran, 984 F.2d 1299, 1303 (1st Cir. 1993) ("A pattern of sales for resale between the same persons, together with details supplying a context for the relationship, might well support a finding of conspiracy.").

13

IV.

Parada also argues that the district court erred by failing to submit his requested charges to the jury. A district court's refusal to give a defendant's requested jury instruction is reviewed for abuse of discretion. United States v. Moye, 454 F.3d 390, 397-98 (4th Cir. 2006) (en banc). We accord "the District Court much discretion and will not reverse provided that the instructions, taken as a whole, adequately state the controlling law." United States v. Hassouneh, 199 F.3d 175, 181 (4th Cir. 2000) (internal quotation marks omitted).

To prevail on this claim, Parada must show that his proposed instruction: "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks omitted). District courts are not required to charge the jury using language requested by defendants and need not issue redundant charges. United States v. Ellis, 121 F.3d 908, 924-25 (4th Cir. 1997). Parada requested that the district court charge the jury that: "You need not convict any of the Defendants for any crime alleged in the indictment based solely on a finding that he was a member of MS-13." Instead, the

14

district court instructed the jury on the requirements of each element of each crime. He explained to the jury that each individual defendant must satisfy each element and that "[i]t is not a crime to be a member of or associate with MS-13." The defendant has failed to show that the district court's charges did not reasonably cover the information that would have been conveyed by the requested instruction, and therefore, we find the district court did not abuse its discretion by rejecting the redundant instruction.

The district court also did not submit Parada's requested charge concerning multiple conspiracies. "Error will be found in a conspiracy instruction if the proof of multiple conspiracies was likely to have confused the jury into imputing guilt to the defendant as a member of one conspiracy because of the illegal activities of the other conspiracy." United States v. Jeffers, 570 F.3d 557, 567 (4th Cir. 2009) (internal quotation marks omitted). Here, Parada and his co-defendants were charged with conspiracy to commit murder in aid of racketeering and conspiracy to distribute cocaine. The jury only convicted Parada of conspiracy to distribute cocaine; therefore, proof of multiple conspiracies did not confuse the jury into imputing guilt to Parada as a member of one conspiracy because of the illegal activities of the other conspiracy. Furthermore, because the jury clearly did not impute

15

participation in one conspiracy to another conspiracy, Parada cannot demonstrate that the omission of the multiple conspiracy charge prejudiced him, which is necessary to demonstrate reversible error. See United States v. Tipton, 90 F.3d 861, 883 (4th Cir. 1996). We therefore find no reversible error in the district court's jury charges.

V.

Finally, Parada contends that the district court failed to properly consider the federal sentencing factors required by 18 U.S.C. § 3553(a) and, thus, sentenced him to an unreasonable term of imprisonment. This Court reviews sentencing decisions for abuse of discretion. Gall v. United States, 552 U.S. 38, 48 n.3 (2007). If a district court does not procedurally err, our review "is limited to determining whether [the sentence is] 'reasonable.'" Id. at 46. Failing to consider the § 3553(a) factors is procedural error. United States v. Morace, 594 F.3d 340, 345-46 (4th Cir. 2010).

The district court stated that it considered the § 3553(a) factors and sufficiently articulated reasons for imposing the 300 month sentence, namely the need for deterrence and the ongoing danger the defendant posed to the community. Parada's argument that he was sentenced to a longer term than his co-conspirators is meritless. "[T]he kind of disparity with which

16

§ 3553(a) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." United States v. Pyles, 482 F.3d 282, 290 (4th Cir. 2007) (internal quotation and citation omitted), vacated on other grounds, 552 U.S. 1089 (U.S. Jan. 7, 2008). Even if the disparity between co-conspirators were the relevant question here, the disparity was justified as Parada is not similarly situated to his co-conspirators who accepted responsibility, provided substantial assistance to the government, and were in a different criminal history category at the time of sentencing. Parada's contentions concerning his national origin, stable employment, and good relationship with his family are insufficient to demonstrate that the district court erred by giving him a guidelines-range sentence. Finally, we have already addressed the sufficiency of the evidence to support Parada's participation in the conspiracy and found the evidence sufficient. Finding no error, we affirm the district court's sentencing determination.

VI.

Pursuant to the foregoing, we reject the contentions advanced by appellants and affirm their convictions and sentences.

AFFIRMED

17