**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4277

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL COREA DIAZ, a/k/a Reaper,

Defendant - Appellant.

No. 22-4305

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUNIOR NOE ALVARADO-REQUENO, a/k/a Insolente, a/k/a Trankilo,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:17-cr-00382-PX-13; 8:17-cr-00382-PX-5)

Submitted:  April 25, 2023                                    Decided:  September 29, 2023

Before AGEE, WYNN, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Stephen B. Mercer, RAQUINMERCER LLC, Rockville, Maryland, for Appellant Miguel Angel Corea Diaz. Marc G. Hall, LAW OFFICE OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant Junior Noe Alvarado-Requeno. Erek L. Barron, United States Attorney, Baltimore, Maryland, Timothy F. Hagan, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a four-week trial, a jury convicted Miguel Angel Corea Diaz and Junior Noe Alvarado-Requeno, two members of the MS-13 gang, of RICO conspiracy, conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, and drug-related counts.  On appeal, Defendants challenge only the district court's evidentiary rulings allowing the testimony of three witnesses.  Finding no error, we affirm.

We review a district court's evidentiary rulings for abuse of discretion and "will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted).  "To that end, we look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *Id.* (internal quotation marks omitted).  For evidentiary rulings under Federal Rule of Evidence 403, we review the district court's decision for "plain abuse of discretion" and "may overturn a district court's Rule 403 decision only under the most extraordinary circumstances." *United States v. Miller*, 61 F.4th 426, 430 (4th Cir. 2023) (internal quotation marks omitted).

Defendants first challenge the district court's decision to allow Kenia Anali Duarte-Lopez to testify about statements her son, Anner, made to her before he was murdered. The district court admitted Anner's statements as statements against interest under Federal Rule of Evidence 804(b)(3).  Under this rule, hearsay may be admitted "if (1) the declarant is unavailable, (2) the statement is genuinely adverse to the declarant's penal interest, and (3) corroborating circumstances clearly indicate the trustworthiness of the statement." *United States v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir. 1995) (internal quotation marks

3

omitted). "[W]hether a statement is self-inculpatory or not can only be determined by viewing it in context." *Williamson v. United States*, 512 U.S. 594, 603 (1994). And to evaluate whether a self-inculpatory statement is sufficiently trustworthy, we consider factors such as "the declarant's motive in making the statement and whether there was a reason for the declarant to lie," "the party or parties to whom the statement was made," and "the relationship of the declarant with the accused." *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013) (internal quotation marks omitted). Upon review, we conclude that Anner was unavailable to testify because he was murdered, Anner's statements were self-inculpatory because he implicated himself in MS-13's extortion efforts and as an accessory to a homicide, and that the surrounding circumstances indicate the statements were trustworthy. A reasonable person would not make self-inculpatory statements such as Anner's unless he believed them to be true. The district court did not abuse its discretion by allowing Duarte-Lopez to testify about Anner's out-of-court statements to her.

Next, Defendants argue that the district court impermissibly allowed Detective Jorge Garcia to testify as an expert about the structure, hierarchy, rules, symbols, and general activities of MS-13 in Maryland. Specifically, they argue the district court's admission of this testimony ran afoul of Federal Rules of Evidence 702 and 403.

Rule 702 allows testimony by a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" so long as "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert

4

has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Under this rule, "a district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable." *United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019). However, the district court "is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule." *Id.* (internal quotation marks omitted). Additionally, Rule 403 allows a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. In criminal cases, unfairly prejudicial evidence "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

We discern no abuse of discretion in allowing Detective Garcia to testify as an expert on MS-13 in Maryland. "[O]ur practice" is generally to "allow[] expert testimony on gang communications, structures, and practices." *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). Similar to other cases where witnesses have properly testified as experts on MS-13, Detective Garcia had years of law enforcement experience that qualified him to testify as an expert. His experience included investigating crimes involving MS-13 members, listening to hundreds of recorded phone calls between gang members, regularly interviewing gang members as part of investigations, and attending trainings and travelling internationally to San Salvador to learn about MS-13. *See*, *e.g.*, *United States v. Palacios*, 677 F.3d 234, 243–244 (4th Cir. 2012); *United States v. Perez-Amaya*, 453 Fed. App. 302,

5

306 (4th Cir. 2011).    That experience qualified him to testify about a specialized area outside the knowledge of the average juror.

Moreover, Detective Garcia formed his opinions based on his experience, which is a sufficiently reliable methodology.  *See Smith*, 919 F.3d at 835–836; *United States v. Galloway*, 749 F.3d 238, 245 (4th Cir. 2014).  And even though Detective Garcia did not connect each opinion to specific experiences, that in itself "is unsurprising" and did not undermine the basis of his testimony.  *Smith*, 919 F.3d at 836.  Many of Defendants' arguments about Detective Garcia's methodology raise "questions regarding the factual underpinnings of" Detective Garcia's "opinion[s that] affect the weight and credibility of [his] assessment, not its admissibility."  *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 195 (4th Cir. 2017) (internal quotation marks omitted).  Defendants had the opportunity to conduct voir dire and to cross-examine Detective Garcia to attempt to undermine the weight and credibility of his opinions.  *See Perez-Amaya*, 453 Fed. App. at 306 (concluding district court did not abuse its discretion in finding law enforcement officer's methodology sufficient "to formulate opinions on the general nature, structure, history, and activity of the gang," in part because the "court allowed appellants to demonstrate the limits of [the expert's] opinion through extensive voir dire and cross examination").

Defendants also argue that Detective Garcia improperly testified about facts that were too specific to those at issue in Defendants' case and sometimes used phrases that Defendants argue were unfairly prejudicial.  In particular, Defendants object to Detective Garcia testifying about the gang's tendencies for violence.  Yet experts may give "independent judgments" about a "gang's general nature as a violent organization" when

6

that testimony is "not about the defendants in particular." *United States v. Ayala*, 601 F.3d 256, 275 (4th Cir. 2010). It is undisputed that Detective Garcia never testified about Defendants specifically and never connected them to specific crimes. Accordingly, we find no error in the district court's decision to allow Detective Garcia to testify as an expert.

Finally, Defendants contend the district court erred by admitting the testimony of Marjorie Stagno, the mother of another murder victim, because her testimony had little, if any, probative value and was unfairly prejudicial.

Under the Rules of Evidence, only relevant evidence is admissible; "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence is evidence that tends to make a fact of consequence "more or less probable." Fed. R. Evid. 401; *see United States v. Young*, 916 F.3d 368, 378 (4th Cir. 2019). "[R]elevance typically presents a low barrier to admissibility." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003).

The district court did not err by admitting Stagno's testimony. Stagno corroborated that her son was kidnapped prior to his murder, explained how law enforcement came to recover physical evidence from her yard, and corroborated the timeline of events leading to her son's murder. Additionally, the district court did not plainly abuse its discretion in concluding that the probative value of Stagno's testimony was not substantially outweighed by any unfair prejudice. Stagno's "testimony was succinct," "matter-of-fact in its delivery," and "didn't embellish or even emphasize the emotional nature of the events." *United States v. Mejia-Ramos*, 798 Fed. App. 749, 754–755 (4th Cir. 2019) (affirming district court's decision to allow the father of a murder victim to testify).

7

For these reasons, we affirm Defendants' convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*